UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ERIC KINGSLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:20-cv-00045-NT |
| | ) | |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Petitioner seeks relief pursuant to 28 U.S.C. § 2254 from a state court conviction and sentence. (Petition, ECF No. 1.) Under Maine law, domestic violence assault is a Class D crime punishable by up to 364 days imprisonment, 17-A M.R.S. §§ 207, 207-A(1)(A), 1603; but if an offender has at least one qualifying prior conviction, domestic violence assault is a Class C crime punishable by up to five years imprisonment. *Id.* §§ 207-A(1)(B), 1603. In July 2016, Petitioner pled guilty to committing domestic violence assault after a qualifying prior conviction; the Maine Superior Court sentenced Petitioner to two years imprisonment with all but fifty-five days suspended, to be followed by two years of probation. (*State v. Kingsley*, Me. Super. Ct. YRKCD-CR-2016-40444, Docket Record at 3–5).

Petitioner argues that his prior offense was not a qualifying prior conviction and that he was deprived of effective assistance of counsel because his attorneys did not contest that

issue. (Petition at 3.) The State asks the Court to dismiss the petition. (Answer, ECF No. 5.)

After a review of the section 2254 petition, the State's request for dismissal, and the record, I recommend the Court grant the State's request and dismiss the petition.

## DISCUSSION

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (emphasis in original) (quoting 28 U.S.C. § 2241(c)(3) and citing 28 U.S.C. § 2254(a)). The Supreme Court has interpreted the words "in custody" to cover not only "prisoners actually in the physical custody of the State," but also persons suffering "substantial restraints not shared by the public generally." *Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 508–10 (1982). The critical date for the custody determination is the date the habeas petition was first filed in federal court. *Fernos-Lopez v. Figarella Lopez*, 929 F.2d 20, 23 (1st Cir. 1991). This is because the "collateral consequences" of a state conviction—such as voting or juror service restrictions—are sufficient to prevent a pending federal habeas petition from becoming moot after a petitioner is unconditionally released from state custody, *Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968), but when a petitioner's state sentence has already fully expired before filing a federal petition, the collateral consequences of a state conviction are insufficient to render a petitioner "in custody" for purposes of invoking a federal court's habeas jurisdiction. *Maleng*, 490 U.S. at 491–92.

Petitioner was sentenced to two years of imprisonment in July 2016, with all but fifty-five days suspended, and two years of probation. (Judgment and Commitment at 1.) After serving the fifty-five days, Petitioner's probation was revoked on more than one occasion, which required Petitioner to serve most of the remainder of the jail sentence. (Docket Record at 5–17). Petitioner also pursued postconviction relief in the state courts, which process lasted approximately one year. (*Kingsley v. State*, Me. Super. Ct. YRKCD-CR-2018-00190, Docket Record at 1–5; *Kingsley v. State*, Me. L. Ct. YOR-18-320, Docket Record at 1–6).

In his petition, when asked to list the "Place of Confinement," he wrote, "No longer confined at Maine Correc[t]ional center." (Petition at 1.) In addition, the record filed by the State includes the result of a search of the Maine Department of Corrections records on February 24, 2020, thirteen days after Petitioner filed his petition, which result reflects that he was not a prisoner or probationer. Furthermore, the envelope in which he filed the petition (ECF No. 1-14) identifies Petitioner's address as a private residence in Newport, Oregon, which address is consistent with the fact that Petitioner is not incarcerated or on probation in Maine. Finally, in Petitioner's reply memorandum, he did not dispute the State's assertion that he had served the entirety of his sentence. (Reply, ECF No. 8.)

A review of the record, including Petitioner's submissions, suggests that Petitioner's sentence, including probation, had fully expired at the time he filed the federal petition. Because Petitioner's sentence evidently had expired, he has not shown that he was in custody for purposes of the habeas corpus statute when he filed his federal petition. *See Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009) ("The party invoking

3

federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case"); *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (because custody requirement is jurisdictional, facts supporting custody determination "must be affirmatively alleged, and if challenged," the habeas petitioner "has the burden of persuading this court by a preponderance of the evidence that the court has jurisdiction"). Accordingly, this Court lacks subject matter jurisdiction to consider Petitioner's request for relief.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

Dated this 12th day of August, 2020.

/s/ John C. Nivison
U.S. Magistrate Judge